Francisco QUINTERO–SANDOVAL,
Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

**Aurelio Sandoval Quintero, Petitioner,**

v.

**Immigration & Naturalization Service, Respondent.**

**Olga Delia Reyes–Trejo, Petitioner,**

v.

**Immigration & Naturalization Service, Respondent.**

Nos. 01–70725, 01–70727, 01–70728. INS Nos. A72–542–392, A72–544–128, A72–544–129.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2002.

Decided June 20, 2002.

Before FERNANDEZ, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Brothers Francisco Quintero–Sandoval and Aurelio Sandoval Quintero, with derivative asylum applicant Olga Reyes–Trejo, ("petitioners"), petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their applications for asylum and withholding of deportation, and the denial of their request to remand to the Immigration Judge ("IJ") for consideration of their claims for relief under the Convention Against Torture (CAT).[1] Petitioners also argue that the ineffective assistance of their counsel violated their due process rights.

We agree with the BIA that substantial evidence supports the IJ's adverse credibility decision, and that, as a result, petitioners failed to establish eligibility for asylum or withholding of deportation. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (reviewing adverse credibility determination under a substantial evidence standard). The IJ's determination that Francisco's demeanor conflicted with his testimony that he was nervous is entitled to special deference. *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818 (9th Cir.1994) (according special deference to the IJ's eye-witness observations of a petitioner's demeanor).

Moreover, inconsistencies in petitioners' testimony, and between their testimony and documentary evidence, cast serious doubt on their claim of persecution by the Institutional Revolutionary Party (PRI), a political party in Mexico. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000) (Inconsistencies must go to the heart of an applicant's claim to support an adverse credibility finding.). First, as the BIA notes, reference letters directly contradict their testimony by stating that it was Francisco and Aurelio's father, not petitioners themselves, who performed the land distribution that gave rise to the alleged persecution. The letters also indicate that the family received threats from an opposing party, rather than from the PRI.

Second, Francisco's testimony that he telephoned his father in their hometown contradicts his later assertion that he made no direct contact because he was afraid the PRI would find him through the communications.

Third, Francisco admitted that he initially told an INS asylum officer that he and his parents had received threats from the Party for Democratic Revolution (PRD), instead of the PRI.

Given the glaring flaws in the testimony, substantial evidence supports the BIA's determination that petitioners failed to establish eligibility for either asylum or withholding of deportation. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (BIA's decision that alien had not established asylum eligibility is reviewed under a substantial evidence standard); *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995) (An alien who fails to satisfy the standard of proof for asylum

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as Ninth Circuit Rule 36–3 may provide.

1. United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46 (Annex), 39 U.N. GAOR Supp. No. 51, at 197 U.N. Doc. A/39/51 (1984). CAT was implemented by the United States under section 2242(b) of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub.L. No. 105–277, Div. G., 112 Stat. 2681 (Oct. 21, 1998). Regulations establishing procedures for raising a claim of protection under Article 3 of the Convention are published at 8 C.F.R. §§ 208.16–208.18 (2002).

necessarily fails to satisfy the more stringent standard for withholding of deportation.).

■ We cannot determine on the basis of the BIA's April 10, 2001 order whether the BIA considered petitioners' CAT claim apart from their asylum and withholding claims, or whether the BIA considered the evidence of country conditions in the record before denying petitioners' request for remand to the IJ. We therefore remand petitioners' request for relief under CAT for reconsideration in light of our later filed decision in *Kamalthas v. INS*, 251 F.3d 1279 (9th Cir.2001).

■ Finally, we reject petitioners' claim that their due process rights were violated by their attorney's allegedly ineffective assistance. *See Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (reviewing due process claims de novo). Given that the IJ and BIA based their decisions on demeanor evidence and the numerous inconsistencies in petitioners' story, petitioners have failed to show how their attorney's purported errors prejudiced them. *See Lata*, 204 F.3d at 1246 (Alien must show that counsel's errors caused "substantial prejudice."); *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999) ("Prejudice is found when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.").

PETITION GRANTED in part, DENIED in part, and REMANDED.